UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA BRIDGES, SECRETARY, DEPARTMENT OF REVENUE, STATE OF LOUISIANA | CIVIL ACTION NO. 07-038-JJB-DLD <br><br> SECTION: _____ |
| Versus | |
| FAMILY DOLLAR STORES OF MICHIGAN, INC. <br> and FAMILY DOLLAR MARKETING, INC. | JUDGE: _____ <br><br> MAGISTRATE: _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Family Dollar Stores of Michigan, Inc. ("FD-Michigan"), on its own behalf and as successor in interest to Family Dollar Marketing, Inc. ("FD-Marketing") by merger (collectively, "the Family Dollar Affiliates"), notifies this Court that it is removing the action entitled *Cynthia Bridges, Secretary, Department of Revenue, State of Louisiana v. Family Dollar Marketing, Inc. et al.,* Case Number 550522, Division 8, from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The Family Dollar Affiliates expressly reserve all rights, objections, defenses and exceptions, including without limitation this Court's lack of personal jurisdiction over them. The Family Dollar Affiliates respectfully represent as follows:

1.

Removal is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446.

WDC99 1329821-2.070403.0013

- 2 -

2.

The Notice of Removal is timely filed. Cynthia Bridges, Secretary Department of Revenue, State of Louisiana ("Plaintiff") filed this action against the Family Dollar Affiliates on December 19, 2006. Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within thirty (30) days after service.

3.

This Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff's action arises under federal law. An essential element of the Plaintiff's claim against the Family Dollar Affiliates is its authority to impose upon them the tax it seeks in this action to collect. In order for the state to impose taxes on an extra-territorial basis, the Commerce Clause of the United States Constitution requires the state to prove that a "substantial nexus" exists between the state and the putative taxpayer. *Quill Corp. v. North Dakota*, 504 U.S. 298, 313 (1992). Therefore, an essential element of Plaintiff's claim is that the State of Louisiana possesses tax-imposition jurisdiction consistent with the federal limitations of the Commerce Clause of the United States Constitution. U.S. Const. art. I, § 8, cl. 3. As a consequence, Plaintiff pleads in its Petition, at ¶ 14:

> The Department's assertion of taxing jurisdiction over Family Dollar Stores of Michigan, Inc. and Family Dollar Marketing, Inc. is reasonable and consistent with the Constitution of Louisiana and the Constitution of the United States.

Thus, Plaintiff's Petition raises substantial federal questions and its claim arises under federal law.

- 3 -

4.

In accordance with 28 U.S.C. § 1446(a), the Family Dollar Affiliates attach a copy of all process, pleadings, and orders served upon them as Exhibit A.

5.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that the Notice of Removal will be served promptly on counsel for Plaintiff and will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

6.

Based on the foregoing, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Accordingly, removal is proper pursuant to 28 U.S.C. § 1441(a).

7.

In addition, this Court has supplemental jurisdiction over any of the claims asserted by Plaintiff for which there is not original jurisdiction, in accordance with 28 U.S.C. § 1367.

Dated: January 17th, 2007

Respectfully submitted,

_____
HARRY S. HARDIN, III (#6540)
AIMEE M. QUIRK (#27045)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone: 504-582-8000
Facsimile: 504-582-8228

_____
DONALD M. GRISWOLD (*pro hac vice* pending)
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1922
Telephone: 212-547-5327
Facsimile: 212-547-5444

Attorneys for Defendants,
Family Dollar Stores of Michigan, Inc. and
Family Dollar Marketing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January 2007, a true and correct copy of the above and foregoing pleading has been served upon all counsel of record herein, either by hand delivery or by U.S. Mail, property addressed and postage prepaid.

                         _/s/ Aimee M. Quirk_
                         AIMEE M. QUIRK (#27045)
                         Jones, Walker, Waechter, Poitevent,
                         Carrère & Denègre, L.L.P.
                         201 St. Charles Avenue, Suite 5100
                         New Orleans, Louisiana  70170
                         Telephone:  504-582-8000
                         Facsimile:   504-582-8228

| | |
|---|---|
| CYNTHIA BRIDGES, SECRETARY<br>DEPARTMENT OF REVENUE<br>STATE OF LOUISIANA<br><br>VERSUS<br><br>FAMILY DOLLAR STORES OF<br>MICHIGAN, INC. and<br>FAMILY DOLLAR MARKETING, INC. | : NUMBER _____, DIV. "___"<br>:<br>:<br>: 19TH JUDICIAL DISTRICT COURT<br>:<br>: PARISH OF EAST BATON ROUGE<br>:<br>:<br>: STATE OF LOUISIANA |

## PETITION TO COLLECT TAXES

The Petition of Cynthia Bridges, in her capacity as Secretary of the Louisiana Department of Revenue, State of Louisiana (hereinafter, the "Department"), Plaintiff herein, who respectfully represents the following:

### NATURE OF THE CASE

1.

This action is brought pursuant to La. R.S. 47:1561(3) which provides for the collector's enforcement of the collection of taxes by ordinary suit and pursuant to La. R.S. 13:3201 et seq., the Louisiana Long-Arm Statute.

2.

The state is not required to pay costs in this suit, pursuant to La. R.S. 13:4521.

### DEFENDANT FAMILY DOLLAR STORES OF MICHIGAN, INC.

3.

Made Defendant herein is Family Dollar Stores of Michigan, Inc., a foreign (North Carolina) corporation not registered to do business in Louisiana.

4.

Family Dollar Stores of Michigan, Inc. has transacted business in Louisiana and earned income attributable to Louisiana and has, thereby, subjected itself to Louisiana corporation income tax pursuant to La. R.S. 47:287.2 et seq. and to Louisiana corporation franchise tax pursuant to La. R.S. 47:601 et seq.

EXHIBIT A

DEFENDANT FAMILY DOLLAR MARKETING, INC.

5.

Made Defendant herein is Family Dollar Marketing, Inc., a foreign (North Carolina) corporation not registered to do business in Louisiana.

6.

Family Dollar Marketing, Inc. has transacted business in Louisiana and earned income attributable to Louisiana and has, thereby, subjected itself to Louisiana corporation income tax pursuant to La. R.S. 47:287.2 et seq., to Louisiana corporation franchise tax pursuant to La. R.S. 47:601 et seq.

PLAINTIFF

7.

Plaintiff is the Honorable Cynthia Bridges, duly appointed Secretary of the Louisiana Department of Revenue, officially domiciled in the Parish of East Baton Rouge.

VENUE

8.

Venue is proper in the Parish of East Baton Rouge under La. R.S. 13:3203, which provides, "A suit on a cause of action described in La. R.S. 13:3201 may be instituted in the parish where the Plaintiff is domiciled…."

FACTUAL BACKGROUND

9.

During the taxable years ended August 31, 1998, through August 31, 2002 (hereinafter referred to as "Dollar Stores of Michigan, Inc. taxable periods"), the State of Louisiana imposed a Louisiana corporation income tax pursuant to La. R.S. 47:287.2 et seq. and a Louisiana corporation franchise tax pursuant to La. R.S. 47:601 et seq. upon Family Dollar Stores of Michigan, Inc.

10.

During the taxable year ended August 31, 2002, through August 31, 2003 (hereinafter referred to as "the Family Dollar Marketing, Inc. taxable period"), the State of Louisiana imposed a Louisiana corporation income tax pursuant to La. R.S. 47:287.2 et seq. and a Louisiana corporation franchise tax pursuant to La. R.S. 47:601 et seq. upon Family Dollar Marketing, Inc.

11.

Neither Family Dollar Stores of Michigan, Inc. nor Family Dollar Marketing, Inc. filed Louisiana corporation income tax returns and/or Louisiana corporation franchise tax returns for any of the taxable periods.

12.

In accordance with Chapter 18 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, the Department of Revenue conducted a corporation income and/or a corporation franchise tax examination and audit of Family Dollar Stores of Michigan, Inc. and Family Dollar Marketing, Inc., for the taxable periods.

13.

After auditing and examining the books and records of Family Dollar Stores of Michigan, Inc., and Family Dollar Marketing, Inc., and their parents, affiliates and/or subsidiaries, and questioning certain key employees thereof, the Department of Revenue's officers made factual findings and determinations supporting the conclusion that defendants owe Louisiana corporation income and franchise tax for the tax periods referenced above.

14.

The Department's assertion of taxing jurisdiction over Family Dollar Stores of Michigan, Inc. and Family Dollar Marketing, Inc. is reasonable and consistent with the Constitution of Louisiana and the Constitution of the United States.

15.

Family Dollar Stores of Michigan, Inc., is indebted unto the State of Louisiana through the Department of Revenue for Louisiana corporation income taxes for the Family Dollar Stores of Michigan, Inc. tax period in the full and true tax amount of $160,264.00, plus interest in the amount of $87,118.20 calculated through August 15, 2006, plus a delinquent penalty in the amount of $40,066.00, for a total of $287,448.20, plus any interest which becomes due under La. R.S. 47:1601 until paid.

16.

Family Dollar Marketing, Inc., is indebted unto the State of Louisiana through the Department of Revenue for Louisiana corporation income taxes for the Family Dollar Marketing, Inc. tax period in the full and true tax amount of $626,979.00, plus interest in the amount of

$501,614.49 calculated through August 15, 2006, plus a delinquent penalty in the amount of $156,744.75, for a total of $1,285,338.24, plus any interest which becomes due under La. R.S. 47:1601 until paid.

## CORPORATION FRANCHISE TAX ADJUSTMENTS TO FAMILY DOLLAR STORES OF MICHIGAN, INC. AND FAMILY DOLLAR MARKETING, INC.

17.

Family Dollar Stores of Michigan, Inc., is indebted unto the State of Louisiana through the Department of Revenue for Louisiana corporation franchise taxes for the Family Dollar Stores of Michigan, Inc. tax periods in the full and true tax amount of $1,428.00, plus interest in the amount of $766.25 calculated through August 15, 2006, plus a delinquent penalty in the amount of $357.00, for a total of $2,551.25, plus any interest which becomes due under La. R.S. 47:1601 until paid.

18.

Family Dollar Marketing, Inc., is indebted unto the State of Louisiana through the Department of Revenue for Louisiana corporation franchise taxes for the Family Dollar Marketing, Inc. tax periods in the full and true tax amount of $116,505.00, plus interest in the amount of $85,915.62 calculated through August 15, 2006, plus a delinquent penalty in the amount of $29,126.25, for a total of $231,546.87, plus any interest which becomes due under La. R.S. 47:1601 until paid.

19.

Despite amicable demand and notice of tax due in the form of a proposed assessment, defendants have failed and refused to pay the amounts due.

20.

This pleading is signed by an attorney representing the Department of Revenue, State of Louisiana. However, the Secretary of the Department of Revenue, State of Louisiana, reserves the right to reassign this case to private counsel to assist in the collection of the taxes, penalties and interest herein alleged to be due, payable and unpaid pursuant to the provisions of La. R.S. 47:1512. Upon such referral, the private counsel shall be entitled to recover the additional charge for attorney fees in a reasonable amount, not to exceed ten percent (10%) of the tax and interest due, and penalty payable and unpaid herein.

**WHEREFORE**, the premises considered, Plaintiff, Cynthia Bridges, Secretary of the Department of Revenue, State of Louisiana prays as follows:

1) Defendant, Family Dollar Stores of Michigan, Inc., be cited to appear and answer this lawsuit, and that, after due proceedings and legal delays, there be judgment herein in favor of the Department of Revenue, State of Louisiana, and against defendant for corporation franchise tax in the full and true amount of $1,428.00, plus interest in the amount of $766.25 calculated through August 15, 2006, plus a delinquent penalty in the amount of $357.00, for a total of $2,551.25, plus any interest which becomes due under La. R.S. 47:1601 until paid, and all costs of such proceedings;

2) Defendant, Family Dollar Stores of Michigan, Inc., be cited to appear and answer this lawsuit, and that, after due proceedings and legal delays, there be judgment herein in favor of the Department of Revenue, State of Louisiana, and against defendant for corporation income tax in the full and true amount of $160,264.00, plus interest in the amount of $87,118.20 calculated through August 15, 2006, plus a delinquent penalty in the amount of $40,066.00, for a total of $287,448.20, plus any interest which becomes due under La. R.S. 47:1601 until paid, and all costs of such proceedings;

3) Defendant, Family Dollar Marketing, Inc., be cited to appear and answer this lawsuit, and that, after due proceedings and legal delays, there be judgment herein in favor of the Department of Revenue, State of Louisiana, and against defendant for corporation income tax in the full and true amount of $626,979.00, plus interest in the amount of $501,614.49 calculated through August 15, 2006, plus a delinquent penalty in the amount of $156,744.75, for a total of $1,285,338.24, plus any interest which becomes due under La. R.S. 47:1601 until paid, and all costs of such proceedings;

4) Defendant, Family Dollar Marketing, Inc., be cited to appear and answer this lawsuit, and that, after due proceedings and legal delays, there be judgment herein in favor of the Department of Revenue, State of Louisiana, and against defendant for corporation franchise tax in the full and true amount of $116,505.00, plus interest in the amount of $85,915.62 calculated through August 15, 2006, plus a delinquent

penalty in the amount of $29,126.25, for a total of $231,546.87, plus any interest which becomes due under La. R.S. 47:1601 until paid, and all costs of such proceedings;

5) That Plaintiff receives all general and equitable relief to which it may be entitled under the facts and circumstances of this case.

Respectfully submitted:

*Monica Doss Washington*

Barry Kelly (#18282)
Fred Mulhearn (#19075)
Emily Toler (#22168)
Monica Doss Washington (#24695)
Frank Bruscato (#26824)
David Hansen (#26916)
William Little (#26972)
Attorneys for the
Louisiana Department of Revenue
Legal Division
617 North 3rd Street, (70802-5428)
P.O. Box 4064
Baton Rouge, Louisiana  70821-4064
Telephone:  (225) 219-2080
Fax:  (225) 231-6235

**INSTRUCTIONS FOR SERVICE:**

Please return **two certified copies** of the Petition to the Plaintiff for service under the Louisiana Long-Arm Statute R.S. 13:3201 et seq.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cynthia Bridges, Secretary, Department of Revenue, State of Louisiana

## DEFENDANTS
Family Dollar Stores of Michigan, Inc. and Family Dollar Marketing, Inc.

**(b)** County of Residence of First Listed Plaintiff: **East Baton Rouge**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Barry Kelly, Fred Mulhearn, Emily Toler, Monica Doss Washington
Louisiana Department of Revenue, Legal Division
617 North 3rd Street (70802-5428), P.O. Box 4064
Baton Rouge, LA 70821-4064
(225) 219-2080

Attorneys (If Known)
William M. Backstrom, Harry S. Hardin, III, Aimee M. Quirk
Jones Walker Waechter Carrere & Denegre, LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
(504) 582-8000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☒ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(8))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Commerce Clause of U.S.Const.

Brief description of cause: Action to Collect Taxes

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1806884.56
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 17 January 2007
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

4699005460